IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

CAROL A. MAY and STEPHEN DEAN,

    Plaintiffs,

v.                        Civil Action No. 5:13CV28
                                (STAMP)
THE PAUL REVERE LIFE INSURANCE COMPANY
and UNUM GROUP,

    Defendants.

**MEMORANDUM OPINION AND ORDER**
**GRANTING PLAINTIFFS' MOTION TO REMAND AND**
**DENYING DEFENDANTS' MOTION TO DISMISS AS MOOT**

I.    Background

The plaintiffs, Carol A. May ("May") and Stephen Dean ("Dean"), filed a complaint in the Circuit Court of Ohio County, West Virginia, asserting both a violation of the duty of good faith and a violation of statutory and regulatory obligations. The alleged violations by The Paul Revere Life Insurance Company ("Paul Revere") and Unum Group ("Unum") occurred during the denial of claims under a disability insurance policy and the handling of the resultant internal appeal. The complaint stated that this insurance policy was the result of an offer by Paul Revere and an acceptance by Carol A. May after her former employer, OVHS&E Corporation, stopped providing coverage for disability insurance with Paul Revere. May applied for benefits in 2008, which were dispersed from May 2008 to May 24, 2011, when the defendants terminated the benefits.

The defendants removed the civil action to this Court pursuant to 28 U.S.C. § 1441(b)-(c), claiming both federal question jurisdiction and diversity jurisdiction. The defendants allege that federal question jurisdiction exists due to the complete preemption of the plaintiffs' claims under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001. Additionally, the defendants claim diversity jurisdiction exists under § 1332 due to complete diversity of the parties[1] and an amount in controversy that exceeds $75,000.00, exclusive of interest and costs.

After removal, the defendants filed a motion to dismiss or, in the alternative, to render summary judgment arguing that the plaintiffs' state law claims were preempted by ERISA and, in the alternative, that the statute of limitations under state law bars recovery. The accompanying memorandum also addressed, for the first time, a 25% discount that was originally part of the employer plan with OHVS&E that May received and claimed that the same discount was afforded to the plaintiff when the insurance was reoffered to her directly by Paul Revere. This claim was supported by an attached email in 2011 from an Unum specialist to Carol May explaining that the discount may place her claim under ERISA. The

---

[1]Plaintiffs May and Dean are citizens of West Virginia, defendant Paul Revere is a Massachusetts corporation with its principal place of business in Massachusetts, and defendant Unum is a Delaware corporation with its principal place of business in Tennessee.

defendants explain in this motion that Unum provides claims services to Paul Revere. The plaintiffs filed a memorandum in response that emphasized the lack of a connection between the employer and the plan at the time that claims were made. The defendants filed a reply memorandum that claimed that the plan May is claiming under is closer a to continuation than conversion of the original plan and cites to authority finding continuation plans sufficient to apply ERISA preemption.

Subsequently, the plaintiffs filed a motion to remand. The plaintiffs first contend that remand is appropriate because ERISA does not preempt their claims and thus federal jurisdiction does not exist. The plaintiffs further argue that the defendants have not demonstrated, as is their burden, that the amount in controversy exceeds $75,000.00, exclusive of interest and costs. The defendants in response reiterated their argument that the policy was for continuation coverage under ERISA. As to the amount in controversy, the defendants claim that because punitive to compensatory damages ratios can equal or exceed 10:1, even if actual damages are only $8,000.00, the amount in controversy will be satisfied. In the plaintiffs' reply brief, they assert that in cases where discounted coverage is extended by an offer from the insurance provider, the justification for ERISA preemption is removed and thus federal jurisdiction does not exist in this case.

For the reasons stated below, this Court grants plaintiffs' motion to remand. Accordingly, this Court denies the defendants' motion to dismiss or, in the alternative, the motion for summary judgment as moot.

## II. Applicable Law

A defendant may remove a case from state court to federal court in instances where the federal court is able to exercise original jurisdiction over the matter. 28 U.S.C. § 1441. Federal courts have original jurisdiction over primarily two types of cases: (1) those involving federal questions under 28 U.S.C. § 1331, and (2) those involving citizens of different states where the amount in controversy exceeds $75,000.00, exclusive of interest and costs pursuant to 28 U.S.C. § 1332(a). The party seeking removal bears the burden of establishing federal jurisdiction. See Mulcahey v. Columbia Organic Chems. Co., Inc., 29 F.3d 148, 151 (4th Cir. 1994). Removal jurisdiction is strictly construed, and if federal jurisdiction is doubtful, the federal court must remand. Id.

Although courts strictly construe the statute granting removal jurisdiction, Doe v. Allied Signal, Inc., 985 F.2d 908, 911 (7th Cir. 1993), a court is not required "to leave common sense behind" when determining the amount in controversy. Mullens v. Harry's Mobile Homes, 861 F. Supp. 22, 24 (S.D. W. Va. 1994). When the amount in controversy is not apparent on the face of the

plaintiff's complaint, a federal court must attempt to ascertain the amount in controversy by considering the plaintiff's cause of action as alleged in the complaint and any amendments thereto, the notice of removal filed with a federal court, and other relevant materials in the record. 14C Charles Allen Wright & Arthur R. Miller, Federal Practice and Procedure § 3725 at 73 (3d ed. 1998). Typically, removal jurisdiction should be evaluated based solely on the filings available when the notice of removal was filed. Tamburin v. Hawkins, No. 5:12CV79, 2013 WL 588739, at *1 (N.D. W. Va. Feb. 13, 2013)(citing Chase v. Shop 'N Save Warehouse Foods, Inc., 110 F.3d 424, 428 (7th Cir. 1997).

III. Discussion

A. Amount in controversy

The defendants argue that diversity jurisdiction exists in their notice of removal and subsequent briefs. Diversity of the parties has not been disputed by plaintiffs. The amount in controversy, however, must be proven by the removing party or parties and the plaintiffs argue that the defendants did not carry this burden. See Lee v. Citimortgage, Inc., 739 F. Supp. 2d 940, 947 (E.D. Va. 2010); Wickline v. Dutch Run-Mays Draft, LLC, 606 F. Supp. 2d 633, 636-37 (S.D. W. Va. 2009). In the defendants' notice of removal, there is no evidence, other than the defendants' conclusory statements, to support a finding that the amount in controversy exceeds $75,000.00 and the complaint did not allege any

5

specific amount of damages.  The defendants in their response to the motion to remand quantify the amount of compensatory damages as $1,000.00 for every month of benefits denied in addition to punitive damages.  With eight months of delay to compensate for, defendants calculate the total compensatory damages as $8,000.00.  Defendants further argue that punitive damages should be estimated at ten times compensatory damages and included in the amount in controversy.  Even assuming that this Court could consider the defendants' estimation despite its untimely assertion after the notice of removal, there would be several issues with meeting the required amount in controversy.

First, there is no explanation of why $1,000.00 per month is an appropriate figure to estimate the net economic loss, annoyance, and inconvenience that the plaintiffs seek under compensatory damages.  It does not appear that $1,000.00 is the amount of back benefits, as defendants claim they have previously paid all due benefits.  These bare allegations of the amount in controversy will not suffice to meet the burden of demonstrating jurisdiction by a preponderance of the evidence.  Sayre v. Potts, 32 F. Supp. 2d 881, 886 (S.D. W. Va. 1999).

Second, the defendants claim that punitive damages are routinely awarded in ratios of 10:1 is incorrect.  Case law demonstrates that awards that high are more the exception than the rule.  See State Farm Mut. Auto. Inc. Co. v. Campbell, 538 U.S.

408, 425 (2003) (suggesting a 4:1 ratio normally approaches constitutional impropriety); Spann v. Style Crest Products, Inc., 171 F. Supp. 2d 605, 609-10 (D.S.C. 2001) (holding a 10:1 ratio of punitive to compensatory is too high for purposes of estimating amount in controversy in class action). Additionally, the award of punitive damages is always at the court's discretion, even when the requisite behavior is proven. Thus, their utility in estimating the amount in controversy is limited. Perrine v. E.I. du Pont de Nemours and Co., 694 S.E.2d 815, 883 (W. Va. 2010) (citing Mayer v. Frobe, 22 S.E. 58 (W. Va. 1895). Therefore, the defendants have failed to meet their burden of proving the amount in controversy, thereby demonstrating diversity jurisdiction.

B.  Amendment to the notice of removal and ERISA preemption

For the defendants, the allegation that the discount from May's original plan was continued by Paul Revere is central to their claim for federal question jurisdiction under ERISA. The plaintiffs counter that the discount is irrelevant because May's employer is no longer involved in the administration of benefits. This Court must decide whether it is appropriate to consider such evidence despite the fact that it appeared after the notice of removal.

Generally, removal jurisdiction should be evaluated based on the record at the time of removal. Tamburin v. Hawkins, No. 5:12CV79, 2013 WL 588739, at *1 (N.D. W. Va. Feb. 13, 2013).

However, when the removing party imperfectly states the grounds for jurisdiction, amendment will be allowed to more fully state those grounds. See Jaffe-Spindler Co. v. Genesco, Inc., 747 F.2d 253, 255 n.1 (4th Cir. 1984) (allowing amendment at appeal, upon discovery of an oversight in the diversity statement). In this case, the notice of removal did claim federal jurisdiction under ERISA, but the complaint did not mention the 25% premium discount. The addition of the mention of the discount is not a new ground for federal jurisdiction, but it does explain more clearly the justification for ERISA preemption. Therefore, the Court will consider this additional allegation as part of the notice of removal.

The defendants claim that because the policy that May was denied benefits under has the same discount as the policy with her employer, it should be considered continuation coverage. Further, they argue that due to the identical terms of coverage, ERISA preemption should apply to coverage despite the lack of an ongoing relationship between employer and employee. The defendants primarily rely on Massachusetts Cas. Ins. Co. v. Reynolds, 113 F.3d 1450 (6th Cir. 1997), and Sullivan v. Paul Revere Life Ins. Co., 2010 WL 8510501 (N.D. Ala. May 28, 2010), to argue that policyholders taking over payments should not end ERISA preemption. In contrast, the plaintiffs argue that it is unclear that the employer provided policy was ever covered by ERISA and because the

policy at issue was offered unilaterally by Paul Revere, there is no longer any connection to the employer. The plaintiffs also cite authority for the proposition that when insurance on the same terms is offered to an employee whose policy was dropped by their employer, the relation back to an ERISA plan is lost. Eberlein v. Provident Life & Accident Ins. Co., No. 06-cv-02454, 2008 WL 791944, at *7 (D. Colo. Mar. 20, 2008).

When an employer drops insurance coverage for an employee, the employee may have the right to further coverage under either continuation coverage or conversion coverage. Continuation coverage is a right to coverage under the same policy as provided by the employer for a limited amount of time after a qualifying event such as termination or a reduction in hours. Continuation coverage is mandated for certain positions by federal or state statutes such as COBRA or PHSA. See State ex rel. Orlofske v. City of Wheeling, 575 S.E.2d 148, 153 (W. Va. 2002). Conversion coverage is a right that arises either due to contract agreements or statutory requirements, or both. Eberlein, 2008 WL 791944, at *4. That right allows an employee to convert his or her coverage under the employer's group plan into an individual policy. See Painter v. Golden Rule Ins. Co., 121 F.3d 436, 438 (8th Cir. 1997).

Both of the defendants' cited cases on ERISA are factually distinguishable from the present case. In Reynolds, coverage was continued pursuant to a contract provision, not a unilateral offer.

In Sullivan, coverage was continued with a group discount because the owner of the policy never told the insurance provider that his company was dissolved and he simply kept paying the premiums personally. Reynolds, 113 F.3d at 1452; Sullivan, 2010 WL 8510501, at *1. Neither of these cases address the unique situation where insurance is dropped by the employer and resumed through an offer by the insurer, as was the case in Eberlein, cited by plaintiffs. Eberlein, 2008 WL 791944, at *2.

In considering this unusual question of ERISA preemption, it is helpful to refer back to the dual purposes of Congress in enacting ERISA: "to safeguard employee interests by reducing the threat of abuse or mismanagement of funds that had been accumulated to finance employee benefits, . . . while at the same time safeguarding employer interests by eliminating 'the threat of conflicting and inconsistent State and local regulation' of employee benefit plans." Demars v. CIGNA Corp., 173 F.3d 443, 446 (1st Cir. 1999) (citing Fort Halifax Packing Co. v. Coyne, 482 U.S. 1, 15 (1987) and N.Y. State Conference of Blue Cross & Blue Shield Plans v. Travelers Ins. Co., 514 U.S. 645, 656 (1995)). Therefore, where the employer no longer handles the administration of the insurance policy, the justification for ERISA coverage disappears; employers can no longer mismanage the funds or face litigation under state and local law.

In this case, there does not appear to be employer involvement in the plan after coverage was dropped and therefore there was no direct relation to an ERISA plan. For eight years, OVHS&E had no control over the disability coverage that May was paying for and receiving. As Eberlein emphasizes, once the employer does not control administration of the fund, the justification for ERISA regulation is gone. Eberlein, 2008 WL 791944, at *7. The importance of continuing employer administration has guided other courts to find that even conversion by right, from a group plan to an individual policy, breaks the justification for ERISA preemption. See Waks v. Empire Blue Cross/Blue Shield, 263 F.3d 872, 875-76 (9th Cir. 2001); Mimbs v. Commercial Life Ins. Co., 818 F. Supp. 1556, 1562 (S.D. Ga. 1993); Vaughn v. Owen Steel Co., Inc., 871 F. Supp. 247, 249 (D.S.C. 1994).

Further, because this policy did not arise by right, none of the terms May received under her latter policy can be attributed to an ERISA plan. That distinction makes this policy unlike a conversion policy, which is sometimes considered an extension of the previous ERISA plan. Mimbs, 818 F. Supp. at 1561; see also Nechero v. Provident Life & Acc. Ins. Co., 795 F. Supp. 374, 379-380 (D.N.M. 1992).

For these reasons, there was neither a continuing employer involvement in insurance coverage or a right to continue or convert coverage that could justify ERISA preemption. This Court thus

finds that federal question jurisdiction does not exist in this case.

## IV. Conclusion

For the reasons stated above, neither diversity nor federal question jurisdiction exists in this case. Therefore, the plaintiffs' motion to remand is hereby GRANTED. Accordingly, it is ORDERED that this case be REMANDED to the Circuit Court of Ohio County, West Virginia. It is further ORDERED that this case be DISMISSED and STRICKEN from the active docket of this Court. Accordingly, defendants' motion to dismiss or in the alternative, motion for summary judgment is hereby DENIED AS MOOT.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein and to the Clerk of the Circuit Court of Ohio County, West Virginia. Pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

DATED: August 12, 2013

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE